**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PUFFCUFF LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| HAIR TO BEAUTY, LLC and | ) | JURY TRIAL DEMANDED |
| TOUCH OF BEAUTY SUPPLY, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff PuffCuff LLC (hereinafter "Plaintiff" or "PuffCuff"), by its undersigned counsel, brings this complaint against Defendant Hair to Beauty, LLC (hereinafter "HTB"), an Illinois limited liability company, and Defendant Touch of Beauty Supply, Inc. (hereinafter "TOB"), an Illinois corporation (hereinafter collectively referred to as the "Defendants") and alleges as follows:

### **Parties**

1.      PuffCuff is a Delaware limited liability company with a principal place of business located at 869 Pickens Industrial Drive, Suite 2, Marietta, GA 30062.

2.      According to the Illinois Secretary of State's website, HTB is an Illinois limited liability company with its principal place of business located at 7440 N. Natchez Ave., Niles, IL 60714. A true and accurate copy of a screenshot of the Illinois Secretary of State's website is attached hereto as **Exhibit A**.

3.      Upon information and belief, HTB is transacting business throughout the United States and within this judicial district through HTB's regular place of business located at 7440 N. Natchez Ave., Niles, IL 60714, and though HTB's website at www.hairtobeauty.com.

4.      According to the Illinois Secretary of State's website, TOB is an Illinois corporation with its principal place of business located at 4183 167th St., Country Club Hills, IL 60478. A true and accurate copy of a screenshot of the Illinois Secretary of State's website is attached hereto as **Exhibit B**.

5.      Upon information and belief, TOB is transacting business throughout the United States and within this judicial district through (i) TOB's warehouse located at 7440 N. Natchez Ave, Niles, IL 60714; (ii) TOB's retail stores (located at 4183 W. 167th Street, Country Club Hills, IL 60478; 2 E. 154th Street, Harvey, Illinois, 60426; and 164 W. 144th Street, Riverdale, IL 60827); and (iii) TOB's website at www.touchofbeauty.com. A true and accurate copy of a screenshot of TOB's website listing its warehouse and retail store locations is attached hereto as **Exhibit C**.

6.      Upon information and belief, HTB and TOB are the same company and/or closely related because HTB's website states: "HairtoBeauty.com is a web division of Touch of Beauty". A true and accurate copy of a screenshot of HTB's website, https://hairtobeauty.com/about-us, is attached hereto as **Exhibit D.**

7.      Upon information and belief, HTB and TOB are the same company and/or closely related because they share the same registered agent, Hyung Y. Park (hereinafter "Mr. Park"), according to the Illinois Secretary of State's website. HTB can be served with process through Mr. Park at 7440 N. Natchez Ave, Niles, IL, 60714. TOB can be served with process through

Mr. Park at 2 E. 154th St., Harvey, IL, 60426. True and accurate copies of screenshots of the Illinois Secretary of State's website are attached hereto as **Exhibit E**.

8.     Upon information and belief, HTB and TOB are closely or highly affiliated entities because they share at least one common member, Mr. Park, who is listed as a "member" of HTB and as "President" of TOB on the Illinois Secretary of State's website. True and accurate copies of screenshots of the Illinois Secretary of State's website are attached hereto as **Exhibit F**.

9.     Upon information and belief, HTB and TOB are working in concert to manufacture, distribute, advertise, offer for sale, sell, and/or import products that infringe Plaintiff's patent and trademarks.

## Jurisdiction

10.     This is an action for patent infringement under the Patent Act, 35 U.S.C. §§271, 281-285, trademark infringement under the Lanham Act, 15 U.S.C. §1114(a), false designation of origin and unfair competition under the Lanham Act, 15 U.S.C §1125(a), injury to business reputation and trademark under the Trademark Registration and Protection Act of Illinois, 765 ILCS 1036/1, *et seq.* , and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10(a), and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

11.     Upon information and belief, the Defendants transact substantial business activities throughout the State of Illinois and have committed acts of patent and trademark infringement, and other tortious and wrongful conduct within this judicial district, including but not limited to, marketing, promoting, manufacturing, distributing, selling, offering to sell, and/or

importing products that infringe the Plaintiff's patent and trademarks in the United States and the State of Illinois, without the Plaintiff's authorization or consent.

12.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1225 and 28 U.S.C. §1331, §1338(a)-(b) and §1332.

13.     This Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. §1367.

14.     This Court has personal jurisdiction over the Defendants because they: (a) regularly conduct and transact business within the State of Illinois and within this judicial district; (b) have committed acts of patent and trademark infringement within the State of Illinois and within this judicial district; and/or (c) are each organized under the laws of the State of Illinois.

**Venue**

15.     Venue is proper in this jurisdiction under 28 U.S.C. §1400(b) and §1391 because Defendants: (i) reside in this judicial district; (ii) maintain a regular and established business in this judicial district; and (iii) have committed acts of patent and trademark infringement in this judicial district and throughout the state of Illinois.

**Facts Relating to Plaintiff's Patent and Trademarks**

16.     PuffCuff is the designer and creator of the best-selling PuffCuff® hair accessory that styles thick, textured, coiled, or kinky hair (hereinafter the "PuffCuff® Product" or "Product"), which PuffCuff markets, distributes, offers for sale, and sells online (via its website, https://thepuffcuff.com, eBay®, Amazon®, and at www.sallybeauty.com) and at Sally Beauty Supply stores and other privately owned retailers throughout the United States. A true and

accurate copy of a screenshot of PuffCuff's website selling the PuffCuff® Product is attached hereto as **Exhibit G**.

17.     PuffCuff is the owner of all right, title, and interest of U.S Patent No. D715,997 for its Product, a design patent entitled "Hair Clamp" (hereinafter "the PuffCuff Patent"), filed on April 2, 2014 with the United States Patent and Trademark Office (the "USPTO"), which issued on October 21, 2014. The PuffCuff Patent remains in full force since it issued and continues to be in full force. A true and accurate copy of the PuffCuff Patent is attached hereto as **Exhibit H.**

18.     The PuffCuff Patent claims "the ornamental design for a hair clamp" that is embodied by the Plaintiff's commercially successful PuffCuff® Product.

19.     In addition, PuffCuff owns U.S. Trademark Registration No. 5,474,108, issued by the USPTO on May 22, 2018, for the mark PUFFCUFF® for "hair clamps; hair clips; hair accessories, namely, claw clips; hair accessories, namely, jaw clips; hair accessories, namely, snap clips; hair curl clips; clamp clips for hair" in Class 26 (hereinafter the "Goods"). A true and accurate copy of the certificate for registration is attached hereto as **Exhibit I**.

20.     PuffCuff is also the owner of U.S. Trademark Registration No. 4,660,613, issued by the USPTO on December 23, 2014, for the mark PUFFCUFF & Design (as shown below) for the Goods. A true and accurate copy of the certificate for registration is attached hereto as **Exhibit J.**



21.     The marks identified in U.S. Trademark Registration Nos. 5,474,108 and 4,660,613 are collectively referred to as the "PUFFCUFF® Marks" or the "Marks".

22.     In addition, PuffCuff owns U.S. Trademark Registration No. 4,790,354, issued by the USPTO on August 11, 2015 for the mark THE ONLY HAIR CLAMP FOR THICK, COILY, TEXTURED HAIR® for the Goods. A true and accurate copy of the certificate for registration is attached hereto as **Exhibit K**.

23.     PuffCuff also owns U.S. Trademark Registration No. 5,503,851, issued by the USPTO on June 26, 2018 for the mark THE ONLY HAIR CLAMP FOR THICK, CURLY OR TEXTURED HAIR® for the Goods. A true and accurate copy of the certificate for registration is attached hereto as **Exhibit L**.

24.     The marks identified in U.S. Trademark Registration Nos. 4,790,354 and 5,503,851 are collectively referred to as the "PuffCuff's Taglines" or the "Taglines".

25.     The registrations for the PUFFCUFF® Marks and PuffCuff's Taglines are valid, subsisting, and in full force and effect. Such registrations also constitute conclusive evidence of the registration and validity of the PUFFCUFF® Marks and PuffCuff's Taglines, as well as PuffCuff's ownership and exclusive right to use the PUFFCUFF® Marks and Taglines.

26.     PuffCuff has been using the PUFFCUFF® Marks and Taglines in interstate commerce in connection with the Goods at least as early as February 2014, and has been using

the PUFFCUFF word mark anywhere at least as early as September 2, 2013. Accordingly, PuffCuff has obtained common law trademark rights in the PUFFCUFF® Marks and Taglines.

27.     For over five years, PuffCuff has been marketing, offering for sale, and using the PUFFCUFF® Marks and Taglines in connection with the Goods. Through widespread and continuous use of the Marks and Taglines, PuffCuff has built a substantial amount of goodwill in the Marks and Taglines in connection with its PuffCuff® Product.

28.     PuffCuff has expended substantial time, money, and resources in developing and marketing the PuffCuff® Product.

29.     The PuffCuff® Product has received widespread national media attention and been featured in numerous prominent magazines and newspapers, including *Black Enterprise*, *Chicago Defender*, *HuffPost*, *Allure*, and the *Atlanta Journal-Constitution*.

**<u>Facts Relating to Defendants' Unlawful Activities</u>**

30.     Upon information and belief, the Defendants have infringed and continue to infringe the PuffCuff Patent and the PUFFCUFF® Marks and Taglines by making, distributing, selling, offering for sale and/or importing a product that falls within the scope of the PuffCuff Patent (the "Infringing Product"), including the Infringing Product sold under the mark PUFF RINGLET (the "Infringing Mark") and the mark "The Only Hair Clamp for you for THICK, TEXTURED, COILY" (the "Infringing Tagline"). A true and accurate copy of a photograph of the Infringing Product is attached hereto as **Exhibit M**. A true and accurate copy of a photograph of the packing of the Infringing Product bearing the Infringing Mark and the Infringing Tagline is attached hereto as **Exhibit N**.

31.     Upon information and belief, the date of registration and the date of first use in commerce for the PUFFCUFF® Marks and Taglines precede Defendants' date of first use of the Infringing Mark and the Infringing Tagline.

32.     Accordingly, upon information and belief, PuffCuff has priority in its trademark rights over Defendants.

33.     PuffCuff's Marks and Taglines are arbitrary and inherently distinctive for the Goods. In addition, due to PuffCuff's widespread use and extensive promotion of the Marks and Taglines, the PUFFCUFF® Marks and Taglines are strong and distinctive trademarks.

34.     Notably, the Infringing Mark and the Infringing Tagline is confusingly similar to the PUFFCUFF® Marks and Taglines in sound, appearance, and commercial impression. In addition, the Defendants target the same types of customers as PuffCuff, which is likely to cause confusion between the parties' marks and cause consumers to mistakenly believe that the Defendants' Infringing Product is licensed by, sponsored by, or affiliated with PuffCuff.

35.     The PuffCuff Patent covers an ornamental design for a hair clamp, which the Defendants have practiced and misappropriated in connection with its Infringing Product as shown in the representative side-by-side comparisons below:



Infringing Product            PuffCuff Patent

36.     In particular, the ornamental design and appearance of the Infringing Product (left) is substantially similar to the design covered by the PuffCuff Patent (right). The Infringing Product and the claimed design of the PuffCuff Patent share a similar round shape with two components having a clasp at the top, where the teeth of each component do not touch and form a biconvex opening when in the closed position.

37.     Without a license or permission from PuffCuff, the Defendants have committed and continue to commit acts of infringement by, at the very least, marketing, selling, offering for sale, distributing and/or importing the Infringing Product under the Infringing Mark and the Infringing Tagline through HTB's website.  A true and accurate copy of a screenshot of HTB's website selling the Infringing Product under the Infringing Mark and the Infringing Tagline is attached hereto as **Exhibit O**.

38.     On March 7, 2019, PuffCuff's counsel sent HTB a demand letter (hereinafter the "Demand Letter") notifying HTB that its sale of the Infringing Product infringes the PuffCuff

Patent and PUFFCUFF® Marks. A true and accurate copy of the Demand Letter is attached hereto as **Exhibit P**.

39.     After receiving the Demand Letter, HTB updated its website to temporarily remove the sale of the Infringing Product under the Infringing Mark.

40.     However, on April 12, 2019, PuffCuff purchased the Infringing Product from a third party retailer, Noble Hair & Beauty Supply, located at 1690 Powder Springs Rd SW, Marietta, GA, 30064. A true and accurate copy of the receipt for the purchase of the Infringing Product from Nobel Hair & Beauty Supply is attached hereto as **Exhibit Q.** A true and accurate photograph of the Infringing Product (bearing the Infringing Mark and the Infringing Tagline) obtained on April 12, 2019 from Nobel Hair & Beauty Supply is attached hereto as **Exhibit R.**

41.     Defendants' continued sale and/or distribution of the Infringing Product under the Infringing Mark, after notice of PuffCuff's rights in the PuffCuff Patent and PUFCUFF® Marks, constitutes willful patent and trademark infringement.

42.     Because the Defendants did not respond to the Demand Letter, PuffCuff's counsel sent a follow-up demand letter (hereinafter the "Follow-Up Demand Letter") on May 2, 2019 requesting that the Defendants, directly or through intermediaries, cease and desist from marketing, selling, offering for sale, distributing, and/or importing the Infringing Product under the Infringing Mark. A true and accurate copy of the Follow-Up Demand Letter is attached hereto as **Exhibit S.**

43.     Defendants did not respond to the Follow-Up Demand Letter. Instead, on or around June 3, 2019, HTB updated its website to include the sale of the Infringing Product, now under the new mark HAIR RING as opposed to the Infringing Mark. Notably, the packaging for

the Infringing Product does not include the Infringing Tagline. However, HTB's website displays the Infringing Tagline in connection with the sale of the Infringing Product under the new HAIR RING mark. A true and accurate copy of a screenshot of the HTB website displaying the Infringing Tagline in connection with the sale of the Infringing Product under the new mark HAIR RING is attached hereto as **Exhibit T.**

44.     Despite receiving two demand letters notifying the Defendants of the PuffCuff Patent, the Defendants continue to infringe the PuffCuff Patent by making, selling, offering for sale, distributing, and/or importing the Infringing Product, thereby establishing that the Defendants' acts of patent infringement have been willful.

45.     The Defendants' continued use of the Infringing Mark after the Demand Letter constitutes willful infringment. Further, upon information and belief, Defendants' alteration of the Infringing Mark to the new mark HAIR RING and removal of the Infringing Tagline on the packaging of the Infringing Product is an acknowledgement of Defendants' infringement of the PUFFCUFF® Marks and PuffCuff's Taglines.

46.     Upon information and belief, the Defendants have and continue to induce the infringement of the PuffCuff Patents by actively and knowingly inducing others to make, use, sell, offer for sale and/or import the Infringing Product that embodies the design patented in the PuffCuff Patent by continuing to market, sell, offer to sell, and/or distribute the Infringing Product online and to third party sellers.

47.     Upon information and belief, the Defendants have and continue to contributorily infringe the PuffCuff Patent because the Defendants have knowledge that the sale of the

Infringing Product infringes the PuffCuff Patent and the Defendants continue to contribute to the activity of others to sell, offer for sale, and/or import the Infringing Product.

## COUNT I
### Infringement of the PuffCuff Patent (35 U.S.C. § 271)

48.    PuffCuff herein re-alleges and incorporates by reference the allegations of Paragraphs 1-47 as Paragraph 48 of this Count I.

49.    Without license or permission from PuffCuff, Defendants have infringed and continue to infringe the PuffCuff Patent by making, using, selling, offering for sale, distributing, and/or importing Infringing Products in this judicial district and elsewhere in the United States, or alternatively by contributing or inducing others to sell, offer for sale, or import the Infringing Products, literally and/or under the doctrine of equivalents.

50.    Upon information and belief, the Defendants applied the design of the PuffCuff Patent, or a colorable limitation thereof, to the Infringing Products for the purposes of sale, selling, and/or exposing for sale the Infringing Products.

51.    Upon information and belief, the Defendants will continue to infringe the PuffCuff Patent unless enjoined by this Court.

52.    Defendants had and have actual and constructive notice of the PuffCuff Patent, and willfully committed acts of infringement.

53.    Defendants' acts of infringement of the PuffCuff Patent were undertaken without authority, permission, or license from PuffCuff, and therefore Defendants' infringing activities violate 35 U.S.C. § 271.

54.    Defendants have caused and continue to cause damage and injury to PuffCuff and substantial unfair competition to the public. PuffCuff has suffered and will continue to suffer

irreparable harm as a result of Defendants' infringing acts until enjoined by this Court. Accordingly, PuffCuff is entitled to injunctive relief preventing the Defendants from further infringing the PuffCuff Patent.

55.     PuffCuff is entitled to a complete accounting of all revenue and profits derived by the Defendants from its unlawful conduct alleged herein, including without limitation, the Defendants total profits pursuant to 35 U.S.C. § 289.

56.     Defendants have engaged and continue to engage in willful and deliberate infringement of the PuffCuff Patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

<u>**COUNT II**</u>
**Infringement of Federal Registered Mark (15 U.S.C. § 1114)**

57.     PuffCuff herein re-alleges and incorporates by reference the allegations of Paragraphs 1-47 and 49-56 as Paragraph 57 of this Count II.

58.     Defendants' use of the Infringing Mark and the Infringing Tagline infringes the PUFFCUFF® Marks and PuffCuff's Taglines.

59.     Defendants' use of the Infringing Mark and the Infringing Tagline is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' Infringing Product is provided by PuffCuff, or is associated or connected with PuffCuff, or has the sponsorship, endorsement, or approval of PuffCuff.

60.     Defendants' use of the Infringing Mark and the Infringing Tagline is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is the same as the PuffCuff® Product.

61.     Defendants' use of the Infringing Mark and the Infringing Tagline, which is confusingly similar to the PUFFCUFF® Marks and Taglines, violates 15 U.S.C. § 1114. Unless prohibited by this Court, Defendants' activities are likely to cause confusion and deception to the members of the trade and the public, as well as injury to PuffCuff's goodwill and well-established reputation, for which PuffCuff has no adequate remedy at law.

62.     Defendants' use of the Infringing Mark and the Infringing Tagline in connection with the Infringing Product will likely continue unless enjoined by this Court.

63.     Defendants have caused and are likely to continue causing substantial unfair competition to the public and to PuffCuff. PuffCuff is entitled to injunctive relief and to recover Defendants' profits, actual damages, including treble damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

<u>**COUNT III**</u>
**Infringement of Trademark, False Designation of Origin and Unfair Competition Under Lanham Act § 43(a) (15 U.S.C. § 1125)**

64.     PuffCuff herein re-alleges and incorporates by reference the allegations of Paragraphs 1-47, 49-56, and 58-63 as Paragraph 64 of this Count III.

65.     Defendants' use of the Infringing Mark and the Infringing Tagline is likely to cause confusion with the PUFFCUFF® Marks and PuffCuff's Taglines.

66.     Defendants' use of the Infringing Mark and the Infringing Tagline in connection with the Infringing Product, which is nearly identical to the PuffCuff® Product, is likely to cause

confusion such that consumers and other members of the public are likely to confuse the source of the parties' goods.

67. Additionally, Defendants' use of the Infringing Mark and the Infringing Tagline constitutes a false designation of origin and unfair competition by infringing the PUFFCUFF® Marks and PuffCuff's Taglines and by falsely representing to the public that the Infringing Product is provided by PuffCuff, or are associated or connected with PuffCuff, or have the sponsorship, endorsement, or approval of PuffCuff, which is false.

68. Defendants' false designation of origin has been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by PuffCuff.

69. Defendants' consumer goodwill is of enormous value and PuffCuff will suffer irreparable harm should Defendants' false designation of origin be allowed to continue.

70. Defendants' false designation of origin and unfair competition will likely continue unless enjoined by this Court.

71. PuffCuff is entitled to a permanent injunction against Defendants' infringement, as well as all other remedies available under the Lanham Act, including, but not limited to compensatory damages, treble damages, disgorgement of profits, costs and attorney fees.

<u>**COUNT IV**</u>
**Trademark Infringement under Trademark Registration
and Protection Act of Illinois (765 ILCS 1036/1, *et seq.*)**

72. PuffCuff herein re-alleges and incorporates by reference the allegations of Paragraphs 1-47, 49-56, 58-63, and 65-71 as Paragraph 72 of this Count IV.

73. Defendants' Infringing Mark and the Infringing Tagline is nearly identical and confusingly similar to the PUFFCUFF® Marks and PufCuff's Taglines, such that consumers are

likely to confuse the source of the parties' marks, and thus constitutes trademark infringement under Section 60 the Trademark Registration and Protection Act of Illinois, 765 ILCS 1036/60, *et seq*.

74.    Defendants' infringing activities include the selling, distributing, offering for sale, and advertising of its goods under the Infringing Mark and the Infringing Tagline without the consent of PuffCuff. These activities are likely to cause confusion or mistake as to the source of origin of such goods.

75.    Unless enjoined by this Court, Defendants will continue to cause, unfair competition, irreparable injury and other damages to PuffCuff, its business, its reputation and goodwill because PuffCuff has no adequate remedy at law, and is therefore entitled to injunctive relief pursuant to 765 ILCS 1036/70.

76.    As described in this complaint, Defendants' use of the Infringing Mark and the Infringing Tagline has injured PuffCuff's business through unfair competition with PuffCuff. Such unlawful activity and unfair competition has diluted the distinctive quality of the PUFFCUFF® Marks and Taglines.

77.    As a result of Defendants' infringing acts, PuffCuff has suffered and continues to suffer damages and is entitled to recover Defendants' profits, actual damages compensation due to Defendants' infringement. Defendants' wrongful actions are deliberate and willful, or were committed with knowledge or in bad faith, entitling PuffCuff to up to three times the profits and damages and attorney's fees pursuant to 765 ILCS 1036/70.

**COUNT V**
**Violation of Illinois Consumer Fraud and Deceptive Business Practices Act**
**(815 ILCS 505/1 *et seq.*)**

78.     PuffCuff herein re-alleges and incorporates by reference the allegations of Paragraphs 1-47, 49-56, 58-63, 65-71, and 73-77 as Paragraph 78 of this Count V.

79.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") provides, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices… or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

80.     Defendants violated the ICFA by engaging in the conduct described herein including, but not limited to, misrepresenting Plaintiff's product, confusing the public as to the source or sponsors of that product, engaging in unfair competition with Plaintiff as alleged herein, infringing the PuffCuff Patent, using the Infringing Mark and the Infringing Tagline, and damaging the Plaintiff's goodwill with their deceptive practices, thereby causing Plaintiff reputational and financial harm.

81.     Defendants' deceptive and unfair conduct occurred in the course of conduct involving the trade and commerce, was directed to the market generally, substantially affects consumers, including Illinois consumers, and implicates consumer protection concerns.

82.     Defendants' willful violations of the ICFA, as alleged herein, entitle IET to relief in the form of compensatory damages, costs, attorneys' fees, punitive damages, and injunctive relief under 815 ILCS 505/10a.

<u>**COUNT VI**</u>
**Violation of Illinois Uniform Deceptive Trade Practices Act**
**(815 ILCS 510/1 *et seq.*)**

83.     PuffCuff herein re-alleges and incorporates by reference the allegations of Paragraphs 1-47, 49-56, 58-63, 65-71, 73-77, and 79-82 as Paragraph 83 of this Count VI.

84.     Section 2(a) of the Uniform Deceptive Trade Practices Act ("UDTPA") provides, in relevant part:

> (a)   A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:  * * *
>
> (2)   causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> (3)  causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;  * * *
>
> (12)  engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

85.     Defendants violated Section 2 of the UDTPA by willfully engaging in the deceptive trade practices enumerated herein, entitling Plaintiff to injunctive relief, costs and reasonable attorneys' fees under 815 ILCS 510/3.

<u>**COUNT VII**</u>
**Common Law Trademark Infringement**

86.     PuffCuff herein re-alleges and incorporates by reference the allegations of Paragraphs 1-47, 49-56, 58-63, 65-71, 73-77, 79-82, and 84-85 as Paragraph 86 of this Count VII.

87.     Defendants' Infringing Mark and the Infringing Tagline is nearly identical to and confusingly similar to PuffCuff's Marks and Taglines, such that consumers are likely to confuse the two, and thus constitute trademark infringement under Illinois common law.

- 18 -

88.     Defendants' infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damages to PuffCuff, its business, its reputation and goodwill because PuffCuff has no adequate remedy at law.

89.     As a result of Defendants' infringing acts, PuffCuff has suffered and continues to suffer damages and is entitled to compensation due to Defendants' infringement. Defendants' actions are deliberate and willful entitling PuffCuff to enhanced damages and attorney's fees.

### Jury Demand

PuffCuff demands a trial by jury for all issues so triable.

### Prayer For Relief

WHEREFORE, PuffCuff requests this Court grant the following relief:

A.     A judgment entered in favor of the Plaintiff on its claim that Defendants have infringed the PuffCuff Patent and the PUFFCUFF® Marks and PuffCuff's Taglines, and violated the Trademark Registration and Protection Act of Illinois;

B.     A permanent injunction enjoining the Defendants, its respective officers, directors, agents, employees, customers, and all those acting in participation and concert with the Defendants, from:

      i.     making, importing, using, selling, or offer to sell the Infringing Products or any other infringing goods or products practicing the PuffCuff Patent, and from otherwise infringing, contributing to infringement of, and actively inducing infringement of the PuffCuff Patent;

    ii.   using the Infringing Mark or any other confusingly similar derivations of the PUFFCUFF® Marks in the United States in connection with the Infringing Product and any other goods or services related thereto;

    iii.   using the Infringing Tagline or any other confusingly similar derivations of PuffCuff's Taglines in the United States in connection with the Infringing Product and any other goods or services related thereto; and

    iv.   doing any other acts likely to cause confusion or mistake in the mind of the public or the trade or to lead persons into the erroneous belief that the Defendants, the Infringing Product, or any of HTB and TOB's goods or services are associated with PuffCuff, or holding out in any manner that the Defendants and/or the Defendants' goods and services are in any way sponsored, approved, sourced, certified, affiliated, connected or associated with PuffCuff, or PuffCuff's goods and/or services;

C.    Direct the Defendants and its affiliates, assigns, licensees, customers and related entities to:

    i.   deliver to PuffCuff for destruction all molds, packaging, products, goods, hair clips, accessories, sales literature, customer literature, and other trade pieces used in the infringement of the PuffCuff Patent;

    ii.   deliver to PuffCuff for destruction all molds, packaging, products, goods, hair clips, accessories, sales literature, customer literature, and other trade pieces bearing the Infringing Mark or any other mark that is confusing similar to the PUFFCUFF® Marks;

iii.    deliver to PuffCuff for destruction all molds, packaging, products, goods, hair clips, accessories, sales literature, customer literature, and other trade pieces bearing the Infringing Tagline or any other phrase or mark that is confusing similar to PuffCuff's Taglines; and

iv.    remove all forms of advertisements, including websites, social media, and promotional materials in their possession, custody or control bearing the Infringing Mark or the Infringing Tagline, or any other word, mark, slogan, phrase, or name, which is confusingly similar to the PUFFCUFF® Marks and Taglines, or which is likely to cause confusion or mistake or to deceive, and that the Defendants be enjoined from creating, purchasing, or acquiring such materials in the future or placing them on a website, social media site, or any other promotional materials;

D.    A judgment and order that the Defendants make an accounting to PuffCuff that includes:

i.    a complete accounting of all revenue and profits realized and derived by the Defendants' infringement of the PuffCuff Patent, including without limitation, the Defendants' total profits pursuant to 35 U.S.C. §289;

ii.    a complete accounting of all revenue and profits realized and derived by the Defendants' infringement of the PUFFCUFF® Marks and Taglines, including without limitation, the Defendants' profits pursuant to 15 U.S.C. §1117; and

iii.    to account to PuffCuff for any and all profits derived by reason of the Defendants' acts complained of herein;

D.     Award PuffCuff all damages, not less than a reasonable royalty, to fully compensate PuffCuff for all of Defendants' acts complained herein, including recovery Defendants' profits, actual damages, including treble damages, enhanced profits and damages, costs and reasonable attorneys' fees under 35 U.S.C. §§ 284 and 285 and 15 U.S.C. §§§ 1114, 1116, and 1117, as well as 765 ILCS 1036/70, 815 ILCS 505/10(a), and 815 ILCS 510/3; and

E.     Award PuffCuff such other and further relief as the Court may deem just and proper.


Dated:   June 24, 2019                    Respectfully submitted,

                                          By:____/s/ Katherine A. Grosh_____
                                          Howard L. Teplinsky – 6197501
                                          Katherine A. Grosh – 6277577
                                          LEVIN GINSBURG
                                          180 N. LaSalle Street, Suite 3200
                                          Chicago, IL 60601
                                          (312) 368-0100
                                          hteplinsky@lgattorneys.com
                                          kgrosh@lgattorneys.com


                                          Marcy L. Sperry (Georgia Bar No. 455561)
                                          Alex Aron (Georgia Bar No.162408)
                                          SPERRY IP LAW LLC d/b/a VIVID IP
                                          3 Alliance Center
                                          3550 Lenox Rd. NE
                                          21st Floor
                                          Atlanta, GA 30326
                                          marcy@vividip.com
                                          alex@vividip.com


                                          *Attorneys for Plaintiff*
                                          PUFFCUFF LLC